IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
03 AUG 14 PM 1:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

CHARLES BURNS,

    PLAINTIFF,

v.   CASE NO.: CV-02-J-2249-NW

BARNHILL'S BUFFET, INC.,

    DEFENDANT.

ENTERED
AUG 14 2003

### MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 12), and a memorandum and evidence in support of said motion, to which the plaintiff has responded by submitting evidence (doc. 15) and a response in opposition (doc. 14). The defendant thereafter filed a reply. The court having considered the pleadings, evidence and memoranda of the parties, finds as follows:

### I. Factual Background

The fact of this case are not in dispute. The plaintiff is blind, having been completely blind for many years. Plaintiff depo. at 8. On April 28, 2002, he went to defendant Barnhill's for the first time. Plaintiff affidavit, ¶ 3. Barnhill's is an all you can eat, serve yourself restaurant. Malone affidavit, ¶ 5. Although the plaintiff was told on April 28, 2002, that the waitress could not assist him in getting food from the

1

buffet, the manager nevertheless allowed the waitress to so assist the plaintiff. Plaintiff affidavit, ¶¶ 5-7; plaintiff depo. at 18-21. On that occasion, the plaintiff and the individual with him were either the only customers or the first customers at the restaurant. Plaintiff depo. at 21.

On, May 12, 2002 (Mother's Day), the plaintiff returned to defendant Barnhill's with his family, which included his sister, who took him to the restaurant, his brother, his brother's wife, and his mother. Plaintiff depo. at 24-25. The plaintiff again asked a waitress to prepare a plate of food for him. *Id.* at 28; plaintiff affidavit, ¶ 10. In his deposition, the plaintiff states the waitress told him she could not do that. Plaintiff depo. at 28. In his affidavit, the plaintiff states the waitress said she would get his food, but then returned to say the manager would not let her. Plaintiff affidavit, ¶ 11. The plaintiff asked for a manager, who told him they were too busy to assist him with getting a plate of food. *Id.*, ¶ 12; plaintiff depo. at 29-30. Members of the plaintiff's family offered to assist him at the buffet, but the plaintiff refused. Plaintiff depo. at 32. He states after the restaurant employees refused to get his food, he lost his appetite and did not get any food. *Id.* at 31, 34. The plaintiff stated to the manager since the defendant employees "would not fix my food, then I guess I would have to have my money back." *Id.* at 30. The plaintiff was told he could have his money back. *Id.* at 30, 35.

The plaintiff testified that he has not been back to and would not return to the defendant restaurant even if the defendant agreed to have a waitress prepare his food. Plaintiff depo. at 45-46. In fact, he testified that nothing could make him return to the defendant restaurant. *Id.* The plaintiff's sole complaint is that the defendant's employees did not prepare a plate of food for him. *Id.* at 43. At no time did the plaintiff have any problem with ingress or egress to and from the defendant's establishment. *Id.* 13, 23, 47.

Based on the above facts, the plaintiff sues for defendant's alleged failure to accommodate the plaintiff under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. He further asserts he was subjected to retaliation for requesting assistance by not receiving a refund. Complaint, ¶¶ 28-29. The plaintiff seeks compensatory, punitive and nominal damages, as well as injunctive relief.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, Fed.R.Civ.Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249

4

(1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

### III. LEGAL ANALYSIS

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.2000). With these standards in mind, the court considers the plaintiff's claims.

The defendant asserts that the plaintiff lacks standing to pursue this action because of the plaintiff's stated intention to never return to the defendant restaurant. Thus, the defendant argues, the plaintiff cannot allege a real threat of future discrimination.[1]

Title III of the ADA prohibits discrimination by private entities in places of public accommodation. *See* 42 U.S.C. § 12182(a). In a Title III action, the court may provide "any person who is being subjected to discrimination on the basis of disability," injunctive relief, requiring a defendant to make its facilities readily

---

[1] The court notes plaintiff's counsel's argument otherwise does not accurately reflect the evidence before this court. *See* plaintiff's response at unnumbered pages 4-5.

5

accessible to and usable by individuals with disabilities. 42 U.S.C. § 12188(a)(2). To set forth a prima facie case, the plaintiff must show: (1) that he is disabled; (2) that defendant Barnhill's is a place of public accommodation; and (3) that he was denied full and equal treatment because of his disability. *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357, 1363 (S.D.Fla. 2001). The parties do not dispute that the first and second elements are satisfied. Rather, the sole dispute is whether the plaintiff can establish he was denied full and equal treatment because of his disability.

The ADA was intended to "place those with disabilities on an equal footing, not to give them an unfair advantage. *Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir.1996). Although addressing a different factual setting, that Court stated:

> The ADA was enacted to provide a national mandate "for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Although the Act must be broadly construed, *Kinney v. Yerusalim,* 812 F.Supp. 547, 551 (E.D.Pa.), *aff'd* 9 F.3d 1067 (3d Cir.1993), *cert. denied,* 511 U.S. 1033, 114 S.Ct. 1545, 128 L.Ed.2d 196 (1994), nothing in the Act, its purpose, or the regulations can reasonably be read to give disabled parkers access to areas that would not be available to them if they were not disabled.

*Kornblau*, 86 F.3d at 194.

In contrast, the plaintiff here is requesting that he be placed in a better position than individuals without disabilities – namely that his food be prepared for him,

6

although the defendant restaurant does not prepare individual plates for any of its customers.[2]  The Act does not entitle the plaintiff to any benefit greater than that afforded the general public.  *See Access Now, Inc.,* 161 F.Supp.2d at 1367.  Nothing the restaurant did prevented the plaintiff from obtaining food, it simply did not assist him in the manner he desired.  In fact, on May 12, 2002, the only bar to the plaintiff obtaining food was the plaintiff's own refusal to let his family members assist him.

Additionally, the plaintiff has stated he intends to never return to the defendant restaurant.  Even assuming that the accommodation the plaintiff requested was available under the ADA, he lacks standing to seek this accommodation.  To establish standing, the plaintiff must demonstrate that he has suffered an "injury in fact"; that the injury was causally connected to the defendant's action; and that the injury will be redressed by judgment in his favor.  *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  Assuming that the failure to obtain food at Barnhill's Buffet is an "injury in fact," the plaintiff cannot show that such injury was causally connected to the defendant's actions.  Rather, the

---

[2]The plaintiff does not allege any physical barriers prevented him from enjoying the defendant's goods and services.

plaintiff went without food because he refused to allow anyone but Barnhill's staff to put food on a plate for him.[3]

Even if the court assumed a causal connection to exist, the plaintiff has stated he never intends to return to the defendant restaurant. Because only injunctive relief is available under Title III of the ADA, the plaintiff has failed to allege a case or controversy sufficient for Article III standing.[4] Absent an allegation that he intends to return to the defendant restaurant, an ADA plaintiff fails to demonstrate a "real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury," and thus lacks standing to sue for injunctive relief. *Wooden v. Board of Regents of University Sys. of Georgia*, 247 F.3d 1262, 1284 (11th Cir.2001); *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir.2001). Because of the plaintiff's sworn testimony that he will not return to defendant restaurant, he lacks standing to pursue this action. *See e.g., Shotz*, 256 F.3d at 1081-1082; *Rosenkrantz v. Markopoulos*, 254 F.Supp.2d 1250 (M.D.Fla.2003).

---

[3]Interestingly, the plaintiff does not expect grocery store employees to do his shopping for him. He tells his friends or family members what he wants and they get it for him. Plaintiff depo. at 41.

[4]Although the plaintiff seeks various monetary relief, money damages are not available under Title III of the ADA. Rather, 42 U.S.C. § 12188(a)(1) states that only the remedies and procedures set forth in 42 U.S.C. § 2000a-3(a) are available. That section states that an aggrieved person may file a civil action "for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order ..." *See also Jairath v. Dyer*, 154 F.3d 1280, 1283 & n. 7 (11th Cir. 1998). Additionally, a prevailing party may recover attorney's fees. 42 U.S.C. § 2000a-3(b).

Because the court finds that the plaintiff has failed to set forth a viable claim under the ADA, the court is of the opinion that the defendant's motion for summary judgment is due to be granted. Likewise, because plaintiff failed to set forth a *prima facie* case of disability discrimination under the ADA, the plaintiff's claim for retaliation for complaining about that discrimination must fail as well.

The court having considered the foregoing, and being of the opinion the defendant's motion for summary judgment is due to be granted on all counts of the plaintiff's complaint, the court shall so order.

**DONE** and **ORDERED** this the 14 day of August, 2003.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE